**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel E. Hall

    v.                                    08-cv-101-JL

Kent A. Brooks, et al.

**O R D E R**

As plaintiff brought this action pro se, his complaint is before me for preliminary review to determine whether this court's subject matter jurisdiction has been invoked. See U.S. District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A). Plaintiff bases this action on the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1962, et seq., and properly cites the federal question jurisdictional statute, 28 U.S.C. § 1331. The filing, therefore, is sufficient to establish this court's subject matter jurisdiction.[1]

Accordingly, I order the Clerk's office to issue the necessary summonses against the defendants to enable this action to proceed. See LR 4.3(d)(1)(A). Plaintiff shall complete

---

[1] Plaintiff also seeks to invoke 28 U.S.C. § 1332 as a jurisdictional basis; however, this cannot be a basis for exercising jurisdiction because there is not complete diversity between plaintiff and all defendants. See 28 U.S.C. § 1332 (setting forth elements of diversity jurisdiction).

service within 120 days following issuance of the summonses as provided by Fed. R. Civ. P. 4(c).  Service shall include the summons, a copy of the complaint (document no. 1) and this order.

Defendants shall answer or otherwise plead within twenty days from the date of service.

Plaintiff is referred to Fed. R. Civ. P. 5, which requires that every pleading after the complaint and every written motion, notice, and similar paper be served on all parties, which service shall be made by mailing it to the parties' attorney(s).

**SO ORDERED.**

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date: March 20, 2008

cc:   Daniel E. Hall, pro se