```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

<u>Daniel E. Hall</u>

    v.                              Civil No. 08-cv-00101-JL

<u>Kent A. Brooks *et al.*</u>

**O R D E R**

    Plaintiff pro se Daniel E. Hall has moved for reconsideration of this court's order dismissing his amended complaint (document no. 130).  As explained there in detail, Hall has alleged no facts (as opposed to mere conclusions) that the involvement of Horgos or DeCola in the transaction caused him any harm.  Even if Hall's fervent belief that DeCola was not in fact acting as Brooks's broker is accepted, the fact remains, as also explained at length in the prior order, that Fini would have been entitled to the entire five percent commission--<u>Hall would not have been entitled to any of it</u>.  And, while Hall is certainly right that Brooks paid only $633,750 in the deal, as opposed to the $650,000 contemplated by the purchase and sale agreement, that reduction simply reflects the gifting of part of that commission--to which, again, <u>Hall had no right</u>--to Brooks.  So the reduction in Brooks's out-of-pocket payment had no effect on

what Hall received in the deal; he received exactly what he bargained for when he signed the purchase and sale agreement.

The court wishes to disabuse Hall of his notion that it has substituted the factual representations of the defendants' attorneys or its own views of what likely happened for the allegations of the amended complaint.  Indeed, every fact relied on by the court in its order is based on those allegations, documents submitted by Hall, or statements he made in his numerous filings in response to the defendants' motions.  The sum total of those materials, which the court carefully reviewed despite their considerable prolixity, indicates that Hall suffered no harm and therefore can state no RICO claim.

As the court pointed out in its prior order, Hall's submissions are also rife with rank speculation and, in some cases, misrepresentations, that could have subjected Hall to sanctions, including payment of the defendants' attorneys fees. Had any of the defendants asked for such a sanction for having to respond to Hall's baseless motion for reconsideration, in fact, it would have been imposed.

Hall's motion for reconsideration (document no. 132) is DENIED.  Hall's motion for leave to file a reply (document no. 143) and defendant Cleary's motion for leave to file a sur-reply

in connection with the motion (document no. 145) are GRANTED; those materials were considered in ruling on the motion.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 25, 2009

cc: Daniel E. Hall, pro se
    Michael J. Connolly, Esq.
    John-Claude Sakellarios, Esq.
    Ralph Suozzo, Esq.
    John F. Bielagus, Esq.
    David I. Bailinson, Esq.
    Nancy J. Smith, Esq.
    John G. Cronin, Esq.
    Christopher P. Mulligan, Esq.